William I. Heydman Edwards County Attorney 711 Marsh Ave. P.O. Box 185 Kinsley, Kansas 67547
Dear Mr. Heydman:
As Edwards county attorney you request our opinion regarding the responsibility for payment of prisoners' jail expenses under various circumstances. You inform us that the Edwards county jail will probably be closed on January 1, 1995, and the county is not planning to construct a new jail.
K.S.A. 1993 Supp. 19-1930 in pertinent part states:
 "The sheriff or the keeper of the jail in any county of the state shall receive all prisoners committed to the sheriff's or jailer's custody by the authority of the United States or by the authority of any city located in such county and shall keep them safely in the same manner as prisoners of the county until discharged in accordance with law. The county maintaining such prisoners shall receive from the United States or such city compensation for the maintenance of such prisoners in an amount equal to that provided by the county for maintenance of county prisoners and provision shall be made for the maintenance of such prisoners in the same manner as prisoners of the county. The governing body of any city committing prisoners to the county jail shall provide for the payment of such compensation upon receipt of a statement from the sheriff of such county as to the amount due therefor from such city."
According to the above statute, the county is entitled to receive compensation for keeping United States prisoners and city prisoners from the respective entity. See Attorney General Opinions No. 91-85; 83-93; 78-66. Furthermore, the cost for support and custody of a fugitive from another state is the responsibility of that state (K.S.A. 19-1917) and cost for maintaining a parole violator is the responsibility of the department of corrections (K.S.A. 19-1910).
K.S.A. 19-1916 provides:
 "Any committing judge of the district court of any county in which there is no sufficient jail may order any person whom they may lawfully order to be committed to prison to be sent to the jail of the county nearest having a sufficient jail; and the sheriff of such nearest county shall, on exhibit of the order of such judge, which order shall have endorsed thereon a statement that there is no sufficient jail in the county from whence it issued, receive and keep in custody in the jail of his or her county the prisoner ordered to be committed as aforesaid, at the expense of the county from which such person was sent; and the said sheriff shall, upon the order of the committing judge of the district court, redeliver such person when demanded."
 Wesley Medical Center v. City of Wichita, 237 Kan. 807 (1985) discussed the legislative intent of these statutes and stated:
 "We hold that so long as an offender is arrested for violation of a state law and in due course is charged with a state crime and delivered to the county jail for confinement, the medical and other incidental expenses incurred as a consequence of and following his arrest, and until his transfer to such facility, are chargeable to the county. We further hold that a county's liability for charges and expenses for safekeeping and maintenance of the prisoner, including medical expenses, does not depend on which police agency happens to be called to the scene of the alleged crime or whether such expenses were incurred before or after he is placed in a county jail. The controlling factor is that the prisoner was arrested and subsequently charged with violation of a state law." (Wesley, supra, p. 815).
Based on the applicable statutes and case law, we will address the specific questions that you ask.
Scenario One. The jail is closed. The Kinsley police department arrests a person for violation of a state statute to be prosecuted in district court. The Kinsley police department presents the arrestee to the Edwards county sheriff. K.S.A. 1993 Supp. 19-1930 states that the sheriff shall receive all prisoners and keep them safely.
Scenario One Questions.
(a) Which agency is responsible for finding a jail in another county to house the arrestee?
A. Edwards county. K.S.A. 1993 Supp. 19-1930; Wesley.
(b) Which agency is responsible for transportation of the arrestee from Edwards county to the other jail facility, including the costs of actual mileage, labor, etc.?
A. Edwards county. K.S.A. 1993 Supp. 19-1930; Wesley.
(c) Which agency is responsible for transportation and all associated costs of transporting the arrestee from the jail facility back to Edwards county for 1st appearance, arraignment, preliminary hearing, etc.?
A. Edwards county. K.S.A. 1993 Supp. 19-1930; Wesley.
(d) When does the liability for payment of the prisoner's keeping attach? In other words, if the Kinsley police department arrests a suspect and turns him over to the sheriff for placement in another county's jail facility on a warrantless arrest, is the police department responsible for the transportation costs pending formal charges being filed? Or is the sheriff responsible from the arrest until the disposition?
A. The county is responsible for the arrestee's expenses, when they are arrested for violation of state law and delivered to the sheriff. K.S.A. 1993 Supp. 1990; Wesley.
(e) Which agency is responsible for paying the other county's jail fees (meals, medical, upkeep fees, etc.)?
A. Edwards county. K.S.A. 1993 Supp. 19-1930; Wesley.
(f) Which agency is responsible for paying the other county's jail fees (meals, medical, upkeep fees, etc.) in the event the arrestee is sentenced in district court to serve a county jail sentence?
A. Edwards county. K.S.A. 19-1916.
Scenario Two. The jail is closed. The Kinsley police department arrests a person for violating a Kinsley ordinance to be prosecuted in municipal court. The Kinsley police department presents the arrestee to the Edwards county sheriff. K.S.A. 19-1930 states that the sheriff shall receive all prisoners and keep them safely.
Scenario Two Questions.
(a) Which agency is responsible for finding a jail in another county to house the arrestee?
A. The city of Kinsley. K.S.A. 1993 Supp. 19-1930; Wesley.
(b) Which agency is responsible for transportation of the arrestee from Edwards county to the other jail facility, including the costs of actual mileage, labor, etc.?
A. The city of Kinsley. K.S.A. 1993 Supp. 19-1930; Wesley.
(c) Which agency is responsible for transportation and all associated costs of transporting the arrestee from the jail facility back to Edwards county for 1st appearance, arraignment, preliminary hearing, etc.?
A. The city of Kinsley. K.S.A. 1993 Supp. 19-1930; Wesley.
(d) Which agency is responsible for paying the other county's jail fees (meals, medical, upkeep fees, etc.)?
A. The city of Kinsley. K.S.A. 1993 Supp. 19-1930; Wesley.
(e) Which agency is responsible for paying the other county's jail fees (meals, medical, upkeep fees, etc.) in the event the arrestee is sentenced in municipal court to serve a jail sentence?
A. The city of Kinsley. K.S.A. 1993 Supp. 19-1930; Wesley.
General Questions.
(a) Do the answers to the above questions change with respect to the Edwards county sheriff's responsibility for housing and paying for the upkeep, transportation and medical expenses of United States prisoners, Kansas bureau of investigation prisoners, or Kansas highway patrol arrestees?
A. The county is entitled to compensation for keeping United States prisoners, but the county itself is responsible for the KBI and Kansas highway patrol arrestees.
(b) If a prisoner is housed outside of Edwards county, must the sheriff transport and pay the costs of transportation in the event that the prisoner's attorney desires to meet with the prisoner? In other words, is it a violation of state law, constitutional provisions, or the defendant's rights to make a defense lawyer travel to another county to consult with his client?
A. We have not found any statutory or constitutional provision which mandates the sheriff to transport the prisoner to meet with the counsel for the convenience of the prisoner or the prisoner's attorney.
(c) Does the sheriff have any statutory or other legal standing to require the Kinsley police department to pay for all or a portion of these costs?
A. Under K.S.A. 1993 Supp. 19-1930, the city is required to pay for the costs incurred to keep the city prisoners. If the city and the county choose to enter into a contract regarding the prisoners' expenses, the county may have additional contractual rights in case of a breach.
(d) Does the sheriff have any statutory or other legal standing to deny the receipt, upkeep, and transportation of Kinsley police department prisoners?
A. Under K.S.A. 1993 Supp. 19-1930, the sheriff must receive all prisoners including the city's prisoners; this duty is not conditional upon the city's payment of expenses.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas